**S. Siva SHANKAR B.Sc; M.A.; P.G.D.C.A.; LL.B.; (LL.M), Student Lawyer, Appellant**

v.

**ACS–GSI, Appellee.**

No. 06–7090.

United States Court of Appeals, District of Columbia Circuit.

Dec. 4, 2007.

S. Siva Shankar, Tamilnadu, India, pro se.

David A. Super, Baker Botts LLP, Washington, DC, Katrin U. Schatz, Baker Botts LLP, Dallas, TX, for Appellee.

Before: ROGERS and GARLAND, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

## JUDGMENT

PER CURIAM.

This appeal was considered on the record from the district court and on the briefs filed by the parties.[1]  It is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed for the reasons stated in the memorandum accompanying this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc.  *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

In 2002, appellant Siva Shankar brought suit in district court against his former employer, ACS–GSI.  He sought relief for discrimination under Title VII, breach of contract, and violations of federal immigration statutes.  In April 2006, the district court granted summary judgment to the defendant on all claims.  Shankar appealed.  We summarily affirmed the district court on all issues except Shankar's claim that the defendant violated the "return transportation" provision of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1184(c)(5)(A).

\*  \*  \*

Under the INA, an alien who is working in the United States pursuant to an H1–B visa is entitled to "reasonable costs of return transportation" if he or she is dismissed by the employer "before the end of the period of authorized admission."  8 U.S.C. § 1184(c)(5)(A).  Appellant asserts that the defendant "dismissed" him before the expiration of his visa, and thus must pay the costs of his return travel to India.

---

1.  The court thanks amicus curiae Gregory Baker and Rena Andoh for their assistance

In response, the defendant argues that § 1184(c)(5)(A) does not create a private right of action, and that the only remedy for a violation of this provision is for the INS to take the employer's non-compliance into account during consideration of future visa applications from that employer.  *See* 8 C.F.R. § 214.2(h)(4)(iii)(E).

We need not resolve the merits of this issue because appellant conceded it before the district court.  Defendant's motion for summary judgment included a detailed argument about why § 1184(c)(5)(A) should not be interpreted as creating a private right of action.  Appellant filed multiple oppositions to summary judgment, but did not respond in any way to defendant's argument that § 1184(c)(5)(A) does not confer judicially-enforceable private rights.  Thus, we conclude that Mr. Shankar has abandoned his statutory claims under § 1184(c)(5)(A).  *See* Local Civ. R. 7(b).

Appellant asserts that he is entitled to more flexibility regarding pleading issues because he was proceeding *pro se* before the district court.  Appellant is correct that complaints or motions drafted by *pro se* plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers."  *Greenhill v. Spellings,* 482 F.3d 569, 572 (D.C.Cir.2007) (quoting *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).  However, appellant did benefit from the advice of counsel—at least one of his multiple oppositions to summary judgment was drafted by counsel.  Thus, we believe that appellant should be held to the usual standards of pleading and waiver, under which he clearly conceded this argument.

\*  \*  \*

with this case.

Lastly, appellant argues that he is entitled to return transportation costs under a contract theory. He contends that his H1–B visa is a "contract by operation of law" with his employer, and that the employer breached this contract by dismissing him prior to the expiration of his visa. This issue is not properly before us because the argument was never raised before the district court. It is well-settled that "issues and legal theories not asserted at the District Court level ordinarily will not be heard on appeal." *Ellipso, Inc. v. Mann,* 480 F.3d 1153, 1157 (D.C.Cir.2007) (citation omitted).

The judgment of the district court is affirmed.